IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

              Plaintiff,

    v.

JULIO JOSE LEON SANCHEZ,

              Defendant.

OPINION AND ORDER

08-cv-243-bbc
06-cr-88-jcs

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Julio Jose Leon Sanchez has filed a timely motion for post conviction relief under 28 U.S.C. § 2255.  He contends that his conviction and sentence are illegal on several grounds: (1) neither his trial counsel nor his appellate counsel provided him constitutionally adequate counsel; (2) the mandatory sentencing guidelines are a violation of Art. I, §§ 2 and 3 of the United States Constitution;  (3) the charges against him should have been prosecuted in state court because they were actually state charges growing out of a related civil suit; (4) his minor son was subjected to an illegal search; and (5) subjecting him to a term of supervised release is illegal in a number of respects.  I find that (1) defendant has failed to show that either of his appointed counsel gave him inadequate representation; (2)

the Sentencing Guidelines under which he was sentenced were not mandatory and for that reason, did not violate the Constitution; (3) he has not shown that any state charges played any part in his federal prosecution; (4) he has provided no evidence to support his claim that the seizure of his firearm was illegal; and (5) it is not illegal to require him to serve a term of supervised release once he completes his term of imprisonment. Moreover, any claim defendant might have on behalf of his son is not properly raised in a motion challenging the criminal proceedings against him.

Before discussing defendant's § 2255 motion further, it is necessary to address a motion that was filed on his behalf by Sheila Sanchez on May 27, 2008. Titled "Motion to Amend Motion for Extension of Time," the motion included allegations that defendant had been held or was going to be held in solitary confinement at the Waseca, Minnesota Federal Correctional Institution after his transfer from the Terre Haute Federal Correctional Institution for a period of five to six weeks. Ms. Sanchez asked that this development be included as mitigating circumstances of cruel and unusual punishment of defendant.

Because it does not appear that Ms. Sanchez is a lawyer, she cannot represent defendant in this matter. Even if she could, her allegations of defendant's current circumstances are not something that can be considered on the present motion, which is directed only to the legality of his conviction and sentence. If defendant believes that he is being treated unconstitutionally at Waseca, he will have to file a new complaint in a new

2

case in the district in which the institution is located.

## DISCUSSION

Defendant was charged in an indictment with five counts of distributing controlled substances or possessing them with intent to deliver and one count of possessing a gun after having been previously been convicted of a felony. He entered a plea of guilty to one distribution count involving cocaine and one count of gun possession by a felon and was sentenced to terms of 78 months on each count, with the terms to run concurrently. He appealed his conviction and sentence to the court of appeals, asserting that his criminal history score included a misdemeanor offense that should not have been counted and that the government never proved beyond a reasonable doubt either that he possessed a stolen firearm or that he possessed the firearm in connection with a controlled substance offense. The court of appeals affirmed both the conviction and the sentence.

1. <u>Ineffectiveness of trial and appellate counsel</u>

In arguing that he was denied adequate representation at trial, defendant asserts that his counsel failed to undertake a thorough investigation of the issues and failed to raise important issues. This assertion fails, however, because he does not explain what additional evidence counsel could have turned up had he investigated more thoroughly or what

3

"important issues" he could have raised. It is defendant's obligation to provide the court "a showing as to what the investigation would have produced," Hardamon v. United States, 319 F.3d 943, 951 ((7th Cir. 2003), and explain how the information discovered "would have led counsel to change his recommendation as to the plea." Hill v. Lockhart, 474 US. 52, 58-60 (1985); Richardson v. United States, 379 F.3d 485 (7th Cir. 2004). It is not enough for defendant simply to allege that further investigation might have made a difference; in moving for postconviction relief, he must come forward with specifics. In this case, it is hard to imagine what those might be. Defendant was arrested after engaging in three hand-to-hand sales with an undercover police officer; the drugs that were the subject of counts 4 and 5 were located in a search of his vehicle immediately following his arrest at the third meeting with the undercover officer; and defendant's gun was recovered from his residence.

Defendant has not suggested what important issues his trial counsel might have raised, although he is the only one who would know what those issues might be. I have reviewed a copy of the handwritten objections he sent to his counsel to be submitted to the court. Nothing in them would have changed defendant's offense level or criminal history score. For example, defendant maintains that he should not have received a two-point enhancement for possessing a gun in connection with a controlled substance offense. He argues that his receipt of the gun was more like a pawn shop arrangement, in which he

4

commonly received items from customer either in return for drugs or as security for a drug payment. This may be true, but it would not have changed the judge's decision to give defendant the two-point enhancement. Whether the gun was the quid pro quo for the drugs or whether it was left with defendant as security for a drug debt, it was in defendant's possession in connection with the criminal act of selling drugs. No more is necessary to sustain the enhancement.

Defendant argues that the aggregate effect of the errors by his court-appointed counsel show that the attorneys were ineffective. The court of appeals has held that no errors occurred on the record before it and defendant has not shown that any other errors occurred that would not be of record. As I held in the preceding paragraphs, defendant's mere assertion that his attorneys failed to investigate and failed to raise important issues do not prove ineffective assistance. Therefore, his motion will be dismissed on this ground.

2. Illegality of sentencing guidelines

Defendant's argument that the sentencing guidelines constitute an illegal bill of attainder is a non-starter. Whatever merit such a contention might have had has vanished now that the Supreme Court has held the guidelines constitutional so long as they are interpreted as advisory, as they were in this case. United States v. Booker, 543 U.S. 220 (2005).

5

3. Improper charging in federal court

It is difficult to follow defendant's argument that the charges against him should have been prosecuted in state court because they were actually state charges growing out of a related civil suit. He seems to be saying that a lawyer representing him in another matter drafted an inaccurate affidavit that was filed in a state court proceeding and seized upon by the Assistant United States Attorney as evidence that defendant had committed perjury. Defendant alleges that as a result of this affidavit, he was strong-armed into withdrawing from a civil suit that he had initiated to avoid perjury charges. He does not explain how this chain of events affected his federal prosecution, which did not include any perjury charges. At most, defendant observes that his federal prosecution was initiated soon after the affidavit was filed.

In the absence of any explanation by defendant about how the suspected perjury might have affected his conviction or sentence, I must deny his motion as to this contention.

4. Illegal search

Defendant alleges that police officers broke into his house to search for a gun, took his three-year-old son away from his mother to question him and learned from the child that the gun in the house was "Daddy's gun." Defendant contends that the search was illegal but he does not say why it was. For example, he does not say that the officers acted without a

6

warrant or that they exceeded the scope of a warrant.  Without some idea of what might have been illegal about the search, I cannot consider his contention that it was.

Defendant concentrates on what he says was the violation of his child's liberty interest and of his own liberty interest in familial relations.  It may be that defendant has some kind of civil claim (although on the present record, it is impossible to tell), but I cannot make out any issue that would affect his criminal conviction and sentence.

5. Supervised release

Defendant makes a number of assertions about why it was illegal or unconstitutional for the court to impose a term of supervised release on him.  First, he says that no statutory basis exists for doing so.  He is wrong about this.  18 U.S.C. § 3583 sets out the statutory authorization for including"as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." § 3583(a).

Second, in a variant of his first point, he says that only Congress is authorized to provide for supervised release and that without any authorization from Congress, it is a violation of the separation of powers for courts to impose such release.  Contrary to defendant's assertion, when courts impose a term of supervised release, they do so under § 3583(a) and do not infringe on Congress's power to determine punishments.

Third, defendant contends that his right not to be subjected to double jeopardy was

7

violated when the court imposed a term of supervised release on him, but he is wrong about this as well. Even if the term of supervised release is considered a separate punishment for defendant's criminal conduct, which it is not, imposition of supervised release would not violate the constitutional protection against being twice put in jeopardy for the same offense. Missouri v. Hunter, 459 U.S. 359, 368 (1983) (where Congress intends to impose double punishments, it is not double jeopardy for court to impose both intended punishments).

Defendant's last challenge to the constitutionality of supervised release is based on his contention that when the sentencing guidelines were held unconstitutional, every other part of the law became void, including supervised release. The guidelines were held unconstitutional only so far as they were considered to be mandatory; the rest of the law remains in full force and effect.

In summary, defendant's motion must be denied in all respects because defendant has shown no ground for holding his conviction and sentence illegal or unconstitutional.

ORDER

IT IS ORDERED that defendant Julio Jose Leon Sanchez's motion for postconviction relief under 28 U.S.C. § 2255 is DENIED.

FURTHER, IT IS ORDERED that Sheila Sanchez's motion filed on behalf of defendant to amend his request for an extension of time to respond to include circumstances

of cruel and unusual punishment at Waseka Federal Correctional Institution is DENIED because such a request must be made by defendant himself or by a lawyer acting on his behalf and in any event cannot be heard as part of defendant's motion brought pursuant to § 2255.

Entered this 9th day of June, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge